UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-21796-BLOOM/Otazo-Reyes**

DOMINICANA RENOVABLES, S.L.,

    Petitioner,

v.

THE DOMINICAN REPUBLIC,

    Respondent.
_____/

## JUDGMENT PURSUANT TO RULE 58

**THIS CAUSE** is before the Court upon Dominicana Renovables, S.L.'s ("Petitioner") Rule 58 Motion for the Entry of Final Judgment, ECF No. [49] (the "Motion"), filed on July 7, 2022. Respondent the Dominican Republic (the "Republic") filed a Partial Opposition, ECF No. [54], to which Petitioner filed a Reply, ECF No. [55]. The Court has carefully reviewed the Motion, the Partial Opposition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons described below, the Motion is granted in part and denied in part.

On March 1, 2022, this Court entered its Order, ECF No. [47], denying Petitioner's Petition to Confirm in Part and Set Aside in Part Arbitral Award, ECF No. [1], and granting the Republic's Cross-Motion to Confirm Arbitration Award, ECF No. [24].

The parties agree that a separate entry of judgment is now appropriate pursuant to Fed. R. Civ. P. 58. *See generally* ECF Nos. [49], [54]. They further agree on the amounts of compensatory damages, interest, arbitration costs, and attorneys' fees that the Republic must pay to Petitioner. ECF Nos. [49] at 3; [54] at 12.

They disagree as to which party is entitled to costs as the prevailing party under Fed. R. Civ. P. 54(d)(1). In essence, this action was an attempt by Petitioner to set aside a portion of an Arbitration Reward. *See generally* ECF No. [1] (the "Petition"). In Magistrate Judge Otazo-Reyes' Report and Recommendation ("R&R"), she recommended denying the Petition because it was untimely and, regardless, it failed "to establish its single defense against enforcement of the Award[.]" ECF No. [46] at 11. The Court adopted the R&R in its entirety, denied the Petition, granted the Republic's Cross-Motion, and confirmed the Arbitration Award in its entirety. ECF No. [47] at 2. The Republic "fulfilled its primary objective" because Petitioner's attempt to set aside a portion of the Award was unequivocally "rebuffed." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1381 (11th Cir. 2022) (quotation marks omitted). The Republic is clearly the prevailing party and, as such, is entitled to costs under Fed. R. Civ. P. 54(d)(1).

The parties also dispute whether the Court should retain jurisdiction to enforce the judgment. ECF Nos. [49] at 3; [54] at 7. The Republic argues that Petitioner brought this action to set aside the Arbitration Award, not to enforce it, so the Republic lacked notice of Petitioner's intention to seek this Court's enforcement powers. ECF No. [54] at 9-10. But the Petition was titled a "**Petition to Confirm** in Part and Set Aside in Part Arbitral Award," and, in its request for relief, Petitioner requested an order "**Confirming the Award** in its entirety, with the exception of the Award's conclusions on the claims for last profits[.]" ECF No. [1] at 1, 22 (emphases added). The Republic's Cross-Motion also requested that the Award be confirmed in its entirety. ECF No. [24] at 39. The Court granted that request in its Order. *See* ECF No. [47] at 2 ("The Arbitration Award, **ECF No. [16-1]**, is **CONFIRMED** in its entirety."). According to 9 U.S.C. § 13, a judgment confirming an arbitration award "may be enforced as if it had been rendered in an action in the court in which it is entered." Because the Court has confirmed the Arbitration Award, the

Case No. 21-cv-21796-BLOOM/Otazo-Reyes

Court agrees with Petitioner that it is appropriate for the Court to retain jurisdiction to enforce the judgment entered herein.

Lastly, the parties disagree as to whether the Court should "order[ ] execution to issue for this Final Judgment." ECF No. [49-1] at 2; ECF No. [54] at 10. The Republic argues that such an order runs afoul of 28 U.S.C. § 1610(c), which prohibits a court from ordering execution against the property of a foreign state until "a reasonable period of time has elapsed following entry of judgment[.]" Petitioner replies that it did not intend the "execution to issue" language to have any practical effect; it simply included "fairly standard language that courts include in final judgments." ECF No. [55] at 5. In light of § 1610(c), the Court will not include such language in this case.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Petitioner's Rule 58 Motion for the Entry of Final Judgment, **ECF No. [49]**, is **GRANTED IN PART AND DENIED IN PART**;

2. The Arbitration Award, ECF Nos. [16-1]–[16-4], is **CONFIRMED** in its entirety;

3. The Republic is to pay Petitioner compensatory damages for breach of contract in the amount of $2,343,832.39, plus interest at the rate of 2% from January 16, 2018, plus the USD LIBOR of three months;

4. The Republic is to pay Petitioner administrative costs from the arbitration in the amount of $472,500.00;

5. The Republic is to pay Petitioner a portion of its attorneys' fees from the arbitration in the amount of $390,146.98;

6. Interest shall accrue from the date of this judgment on the amounts set forth in paragraphs 3-5 above at the rate stated in 28 U.S.C. § 1961;

Case No. 21-cv-21796-BLOOM/Otazo-Reyes

7. The Republic is the prevailing party for purposes of Fed. R. Civ. P. 54 and the Court retains jurisdiction to determine the award of costs; and

8. The Court retains jurisdiction to enforce this Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record